ACCEPTED
04-15-00010-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
8/13/2015 4:08:54 PM
KEITH HOTTLE
CLERK

# TAB 1

CAUSE NO. CC-14-89

| | | |
|---|---|---|
| IN THE MATTER OF | * | IN THE COUNTY COURT |
| THE MARRIAGE OF | * | |
| | * | |
| PEDRO MARQUEZ, JR. | * | |
| AND | * | |
| LISA A. WATKINS | * | AT LAW OF |
| | * | |
| AND IN THE INTEREST OF | * | |
| PEDRO MARQUEZ, JR., | * | |
| JOAQUIN M. MARQUEZ AND | * | |
| MASON R. MARQUEZ | * | |
| A MINOR CHILDREN | * | STARR COUNTY, TEXAS |

FILED
AT 1:29 O'CLOCK P M

FEB 27 2014

ELOY R. GARCIA
DISTRICT CLERK STARR CO. TX
BY Ana Martinez DEPUTY

## ORIGINAL PETITION FOR BILL OF REVIEW

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, PEDRO MARQUEZ, JR., Plaintiff and files this Original

Petition for Bill of Review and would respectfully show this court as follows:

### DISCOVERY

Discovery in this case is intended to be conducted under Level 1 of Rule 190 of

the Texas Rules of Civil Procedure.

### PARTIES

This suit is brought by PEDRO MARQUEZ, JR., whose mailing address is 4

Marquez Lane, Rio Grande City, Starr County, Texas 78582 and LISA A. WATKINS is

the Defendant, whose address is 825 East Ave. C, Kingsville, Texas 78363.

### SERVICE

Defendant, LISA A. WATKINS will be served by waiver or personal service of

citation at 825 East Ave. C, Kingsville, Texas 78363 or where ever she may be found.

### JURISDICTION

Pursuant to the Texas Rules of Civil Procedure 329(f), this bill of review is filed

in the same court that rendered the judgment challenged by this bill of review, after the

 ORIGINAL

0009

deadline for filing a motion for new trial, when a restricted appeal under Texas Rule of Appellate Procedure 30 is not available, and within the residual four-year statute of limitations.

## FACTS

Plaintiff, Pedro Marquez, Jr. has a meritorious defense to Defendant's suit for divorce. On November 13, 2012, the court signed a Final Decree of Divorce, please see attached and incorporated by reference Exhibit 1. Plaintiff, Pedro Marquez, Jr., had acknowledged that he was common law married to Lisa Walkins on February 5, 1999. However, Lisa Walkins had failed to disclose that she was married to Felix Zamora while Pedro Marquez, Jr. and her where living as husband and wife. She did not divorce Felix Zamora until August 31, 2007 and a judgment of said divorce was not signed until September 5, 2007, please see attached and incorporated by reference Exhibit 2. Because of said fraud, wrongful act and deception, Defendant Lisa Watkins in Cause Number CC-12-84 was awarded conservatorship, established paternity, child support, property, retirement benefit and credited for debt that should not have been and that is now in question. In addition, the court had entered into a "Domestic Relation Order Dividing Retirement Plan Benefits", an "Owelty Deed with Vendor's Lien", a "Deed of Trust", and a "Promissory Note", please see attached and incorporated by reference Exhibit 3. Further, in support, the affidavit of Pedro Marquez, Jr. is attached as Exhibit 4 and incorporated by reference.

## PRAYER

For these reasons, Plaintiff asks the court to do the following:

a. Vacate the Divorce Decree in cause number CC-12-84; In the Matter of the Marriage of Pedro Marquez, Jr., and Lisa Watkins and in the Interest of Pedro Marquez, III, Joaquin M. Marquez and Mason R. Marquez, Minor Children; In the County Court at Law of Starr County, Texas;

0010

b. Reopen cause number CC-12-84 and grant a new trial;

c. After a hearing, render a Decree of Divorce in cause number CC-12-84;

d. Assess costs against the Defendant; and

e. Award Plaintiff all other relief to which Plaintiff is entitled.

Respectfully submitted,

The Law Office of
Hilda Gonzalez Garza, P.L.L.C.
Attorney at Law
205 East 5th St.
Rio Grande City, Texas 78582
Tel: (956) 263-1870
Fax: (956) 263-1871

By: _____
Hilda Gonzalez Garza
SBN: 00796651
Attorney for Plaintiff
Pedro Marquez, Jr.

| | | |
|---|---|---|
| IN THE MATTER OF | * | IN THE COUNTY COURT |
| THE MARRIAGE OF | * | |
| | * | |
| PEDRO MARQUEZ, JR. | * | |
| AND | * | |
| LISA WATKINS | * | AT LAW OF |
| | * | |
| AND IN THE INTEREST OF | * | |
| PEDRO MARQUEZ, III | * | |
| JOAQUIN M. MARQUEZ, AND | * | |
| MASON R. MARQUEZ, | * | |
| MINOR CHILDREN | * | STARR COUNTY, TEXAS |

## FINAL DECREE OF DIVORCE

On June 7, 2012, the Court heard this case.

*Appearances*

Petitioner, *Pedro Marquez, Jr.*, appeared in person and through his attorney of record, Hilda Gonzalez Garza, and announced ready for trial.

Respondent, *Lisa Watkins*, appeared in person and through her attorney of record, Lori Peterson Perez and announced.

*Record*

The record of testimony was duly reported by the court reporter for the County Court at Law.

*Jurisdiction and Domicile*

The Court finds that the pleadings of Petitioner are in due form and contain all the allegations, information, and prerequisites required by law. The Court, after receiving evidence, finds that it has jurisdiction of this case and of all the parties and

1 | CC-12-84; *Pedro Marquez, Jr. vs. Lisa Watkins*
*Final Decree of Divorce*

**EXHIBIT 1**

that at least sixty days have elapsed since the date the suit was filed. The Court finds that, at the time this suit was filed, Petitioner had been a domiciliary of Texas for the preceding six-month period and a resident of the county in which this suit was filed for the preceding ninety-day period. All persons entitled to citation were properly cited.

*Jury*

A jury was waived, and questions of fact and of law were submitted to the Court.

*Divorce*

IT IS ORDERED AND DECREED that *Lisa Watkins*, Respondent, and *Pedro Marquez, Jr.*, Petitioner, are divorced and that the marriage between them is dissolved on the ground of insupportability.

*Child of the Marriage*

The Court finds that Petitioner and Respondent are the parents of the following child:

| | |
|---|---|
| Name: | PEDRO MARQUEZ, III |
| Sex: | Male |
| Birth date: | December 12, 2000 |
| Home state: | Texas |
| | |
| Name: | JOAQUIN MATEO MARQUEZ |
| Sex: | Male |
| Birth date: | June 6, 2004 |
| Home state: | Texas |
| | |
| Name: | MASON REY MARQUEZ |
| Sex: | Male |
| Birth date: | October 10, 2008 |
| Home state: | Texas |

The Court finds no other child of the marriage is expected.

0013

## Conservatorship

The Court, having considered the circumstances of the parents and of the child, finds that the following orders are in the best interest of the child.

IT IS ORDERED that *Lisa Watkins* and *Pedro Marquez, Jr.* are appointed *Joint Managing Conservators* of the following children: *Pedro Marquez, III, Joaquin Mateo Marquez and Mason Rey Marquez.*

IT IS ORDERED that, at all times, *Lisa Watkins*, as a parent joint managing conservator, shall have the following rights:

1. the right to receive information from any other conservator of the child concerning the health, education, and welfare of the children;

2. the right to confer with the other parent to the extent possible before making a decision concerning the health, education, and welfare of the child;

3. the right of access to medical, dental, psychological, and educational records of the child;

4. the right to consult with a physician, dentist, or psychologist of the child;

5. the right to consult with school officials concerning the child's welfare and educational status, including school activities;

6. the right to attend school activities;

7. the right to be designated on the child's records as a person to be notified in case of an emergency;

8. the right to consent to medical, dental, and surgical treatment during an emergency involving an immediate danger to the health and safety of the child; and

9. the right to manage the estates of the child to the extent the estates have been created by the parent or the parent's family.

3 | CC-12-84; *Pedro Marquez, Jr. vs. Lisa Watkins*
*Final Decree of Divorce*

0014

IT IS ORDERED that, at all times, *Pedro Marquez, Jr.*, as a parent joint managing conservator, shall have the following rights:

1. the right to receive information from any other conservator of the child concerning the health, education, and welfare of the child;

2. the right to confer with the other parent to the extent possible before making a decision concerning the health, education, and welfare of the child;

3. the right of access to medical, dental, psychological, and educational records of the child;

4. the right to consult with a physician, dentist, or psychologist of the child;

5. the right to consult with school officials concerning the child's welfare and educational status, including school activities;

6. the right to attend school activities;

7. the right to be designated on the child's records as a person to be notified in case of an emergency;

8. the right to consent to medical, dental, and surgical treatment during an emergency involving an immediate danger to the health and safety of the child.

IT IS ORDERED that, at all times, *Lisa Watkins* and *Pedro Marquez, Jr.*, as parent joint managing conservators, shall each have the following duties:

1. the duty to inform the other conservator of the child in a timely manner of significant information concerning the health, education, and welfare of the child; and

2. the duty to inform the other conservator of the child if the conservator resides with for at least thirty days, marries, or intends to marry a person who the conservator knows is registered as a sex offender under chapter 62 of the Code of Criminal Procedure or is currently charged with an offense for which on conviction the person would be required to register under that chapter. IT IS ORDERED that this information shall be tendered in the form of a notice made as soon as practicable, but not later than the fortieth day after the date the conservator of the child begins to reside with the person or on the tenth day after the date the marriage occurs, as appropriate.

4 | CC-12-84; *Pedro Marquez, Jr. vs. Lisa Watkins*
*Final Decree of Divorce*

0015

IT IS ORDERED that the notice must include a description of the offense that is the basis of the person's requirement to register as a sex offender or of the offense with which the person is charged. WARNING: A CONSERVATOR COMMITS AN OFFENSE PUNISHABLE AS A CLASS C MISDEMEANOR IF THE CONSERVATOR FAILS TO PROVIDE THIS NOTICE.

IT IS ORDERED that, during her respective periods of possession, *Lisa Watkins*, as parent joint managing conservator, shall have the following rights and duties:

1.    the duty of care, control, protection, and reasonable discipline of the child;

2.    the duty to support the child, including providing the child with clothing, food, shelter, and medical and dental care not involving an invasive procedure;

3.    the right to consent for the child to medical and dental care not involving an invasive procedure; and

4.    the right to direct the moral and religious training of the child.

IT IS ORDERED that, during his respective periods of possession, *Pedro Marquez, Jr.*, as parent joint managing conservator, shall have the following rights and duties:

1.    the duty of care, control, protection, and reasonable discipline of the child;

2.    the duty to support the child, including providing the child with clothing, food, shelter, and medical and dental care not involving an invasive procedure;

3.    the right to consent for the child to medical and dental care not involving an invasive procedure; and

4.    the right to direct the moral and religious training of the child.

IT IS ORDERED that *Lisa Watkins*, as a parent joint managing conservator, shall have the following rights and duty:

1.    the *exclusive right* to designate the primary residence of the child without

regard to geographic location;

2.    the right to consent to medical, dental, and surgical treatment involving invasive procedures;

3.    the right to consent to psychiatric and psychological treatment of the child;

4.    the right to receive and give receipt for periodic payments for the support of the child and to hold or disburse these funds for the benefit of the child;

5.    the right to represent the child in legal action and to make other decisions of substantial legal significance concerning the child;

6.    the right to consent to marriage and to enlistment in the armed forces of the United States;

7.    the right to make decisions concerning the child's education;

8.    except as provided by section 264.0111 of the Texas Family Code, the right to the services and earnings of the child;

9.    except when a guardian of the child's estates or a guardian or attorney ad litem has been appointed for the child, the right to act as an agent of the child in relation to the child's estates if the children's action is required by a state, the United States, or a foreign government; and

10.    the duty to manage the estates of the child to the extent the estates have been created by community property or the joint property of the parents.

IT IS ORDERED that *Lisa Watkins* shall have the right to maintain possession of any passports of the child, *Pedro Marquez, III, Joaquin Mateo Marquez and Mason Rey Marquez.*

IT IS ORDERED that *Pedro Marquez, Jr.,* as a parent joint managing conservator, shall have the following rights and duty:

1.    the right to consent to medical, dental, and surgical treatment involving

6 | CC-12-84; *Pedro Marquez, Jr. vs. Lisa Watkins*
*Final Decree of Divorce*

0017

invasive procedures;

2.    the right to consent to psychiatric and psychological treatment of the child;

3.    the right to receive and give receipt for periodic payments for the support of the child and to hold or disburse these funds for the benefit of the child;

4.    the right to represent the child in legal action and to make other decisions of substantial legal significance concerning the child;

5.    the right to consent to marriage and to enlistment in the armed forces of the United States;

6.    the right to make decisions concerning the child's education;

7.    except as provided by section 264.0111 of the Texas Family Code, the right to the services and earnings of the child;

8.    except when a guardian of the child's estates or a guardian or attorney ad litem has been appointed for the child, the right to act as an agent of the child in relation to the child's estates if the child's action is required by a state, the United States, or a foreign government; and

9.    the duty to manage the estates of the child to the extent the estates have been created by community property or the joint property of the parents.

*Possession and Access*

1.    *Standard Possession Order*

The Court finds that the following provisions of this Standard Possession Order are intended to and do comply with the requirements of Texas Family Code sections 153.311 through 153.317. IT IS ORDERED that each conservator shall comply with all terms and conditions of this Standard Possession Order. IT IS ORDERED that this Standard Possession Order is effective immediately and applies to all periods of possession occurring on and after the date the Court signs this Standard Possession Order. IT IS, THEREFORE, ORDERED:

(a)    Definitions

0018

1. In this Standard Possession Order "school" means the primary or secondary school in which the child is enrolled or, if the child is not enrolled in a primary or secondary school, the public school district in which the child primarily resides.

2. In this Standard Possession Order "child" includes each child, whether one or more, who is a subject of this suit while that child is under the age of eighteen years and not otherwise emancipated.

**(b) Mutual Agreement or Specified Terms for Possession**

IT IS ORDERED that the conservators shall have possession of the child at times mutually agreed to in advance by the parties, and, in the absence of mutual agreement, it is ORDERED that the conservators shall have possession of the child under the specified terms set out in this Standard Possession Order.

**(c) Parents Who Reside 100 Miles or Less Apart**

Except as otherwise explicitly provided in this Standard Possession Order, when *Pedro Marquez, Jr.* resides 100 miles or less from the primary residence of the child, *Pedro Marquez, Jr.* shall have the right to possession of the child as follows:

1. *Weekends* - On weekends throughout the year, beginning at 6:00 p.m., on the first, third, and fifth Friday of each month and ending at 6:00 p.m. on the following Sunday.

2. *Weekend Possession Extended by a Holiday* - Except as otherwise explicitly provided in this Standard Possession Order, if a weekend period of possession by *Pedro Marquez, Jr.* begins on a Friday that is a school holiday during the regular school term or a federal, state, or local holiday during the summer months when school is not in session, or if the period ends on or is immediately followed by a Monday that is such a holiday, that weekend period of possession shall begin at 6:00 p.m. on the Thursday immediately preceding the Friday holiday or school holiday or end at 6:00 p.m. on that Monday holiday or school holiday, as applicable.

3. *Thursdays* - On Thursday of each week during the regular school term, beginning at 6:00 p.m. and ending at 8:00 p.m.

8 | CC-12-84; *Pedro Marquez, Jr. vs. Lisa Watkins*
*Final Decree of Divorce*

0019

4. *Spring Break in Even-Numbered Years* - In even-numbered years, beginning at 6:00 p.m. on the day the child is dismissed from school for the school's spring vacation and ending at 6:00 p.m. on the day before school resumes after that vacation.

5. *Extended Summer Possession by Pedro Marquez, Jr.*

a. **With Written Notice by April 1** - If *Pedro Marquez, Jr.* gives *Lisa Watkins* written notice by April 1 of a year specifying an extended period or periods of summer possession for that year, *Pedro Marquez, Jr.* shall have possession of the child for thirty days beginning no earlier than the day after the child's school is dismissed for the summer vacation and ending no later than seven days before school resumes at the end of the summer vacation in that year, to be exercised in no more than two separate periods of at least seven consecutive days each, as specified in the written notice. These periods of possession shall begin and end at 6:00 p.m.

b. **Without Written Notice by April 1** - If *Pedro Marquez, Jr.* does not give *Lisa Watkins* written notice by April 1 of a year specifying an extended period or periods of summer possession for that year, *Pedro Marquez, Jr.* shall have possession of the child for thirty consecutive days in that year beginning at 6:00 p.m. on July 1 and ending at 6:00 p.m. on July 31.

Notwithstanding the weekend and Thursday periods of possession ORDERED for *Pedro Marquez, Jr.*, it is explicitly ORDERED that *Lisa Watkins* shall have a superior right of possession of the child as follows:

1. **Spring Break in Odd-Numbered Years** - In odd-numbered years, beginning at 6:00 p.m. on the day the child is dismissed from school for the school's spring vacation and ending at 6:00 p.m. on the day before school resumes after that vacation.

2. **Summer Weekend Possession by Lisa Watkins** - If *Lisa Watkins* gives *Pedro Marquez, Jr.* written notice by April 15 of a year, *Lisa Watkins* shall have possession of the child on any one weekend beginning at 6:00 p.m. on Friday and ending at 6:00 p.m. on the following Sunday during any one period of the extended summer possession by *Pedro Marquez, Jr.* in that year, provided that *Lisa Watkins* picks up the

CC-12-84; *Pedro Marquez, Jr. vs. Lisa Watkins*
*Final Decree of Divorce*

0020

child from *Pedro Marquez, Jr.* and returns the child to that same place and that the weekend so designated does not interfere with Father's Day Weekend.

3.   **Extended Summer Possession by Lisa Watkins** - If *Lisa Watkins* gives *Pedro Marquez, Jr.* written notice by April 15 of a year or gives *Pedro Marquez, Jr.* fourteen days' written notice on or after April 16 of a year, *Lisa Watkins* may designate one weekend beginning no earlier than the day after the child's school is dismissed for the summer vacation and ending no later than seven days before school resumes at the end of the summer vacation, during which an otherwise scheduled weekend period of possession by *Pedro Marquez, Jr.* shall not take place in that year, provided that the weekend so designated does not interfere with *Pedro Marquez, Jr.'* period or periods of extended summer possession or with Father's Day Weekend.

(d)   **Parents Who Reside More Than 100 Miles Apart**

Except as otherwise explicitly provided in this Standard Possession Order, when *Pedro Marquez, Jr.* resides more than 100 miles from the residence of the children, *Pedro Marquez, Jr.* shall have the right to possession of the child as follows:

1.   **Weekends** - Unless *Pedro Marquez, Jr.* elects the alternative period of weekend possession described in the next paragraph, *Pedro Marquez, Jr.* shall have the right to possession of the child on weekends, beginning at 6:00 p.m., on the first, third, and fifth Friday of each month and ending at 6:00 p.m. on the following Sunday. Except as otherwise explicitly provided in this Standard Possession Order, if such a weekend period of possession by *Pedro Marquez, Jr.* begins on a Friday that is a school holiday during the regular school term or a federal, state, or local holiday during the summer months when school is not in session, or if the period ends on or is immediately followed by a Monday that is such a holiday, that weekend period of possession shall begin at 6:00 p.m. on the Thursday immediately preceding the Friday holiday or school holiday or end at 6:00 p.m. on that Monday holiday or school holiday, as applicable.

**Alternate Weekend Possession** - In lieu of the weekend possession described in the foregoing paragraph, *Pedro Marquez, Jr.* shall have the right to possession of the childnot more than one weekend per month of *Pedro Marquez, Jr.'* choice beginning at 6:00 p.m. on the day school

recesses for the weekend and ending at 6:00 p.m. on the day before school resumes after the weekend. Except as otherwise explicitly provided in this Standard Possession Order, if such a weekend period of possession by *Pedro Marquez, Jr.* begins on a Friday that is a school holiday during the regular school term or a federal, state, or local holiday during the summer months when school is not in session, or if the period ends on or is immediately followed by a Monday that is such a holiday, that weekend period of possession shall begin at 6:00 p.m. on the Thursday immediately preceding the Friday holiday or school holiday or end at 6:00 p.m. on that Monday holiday or school holiday, as applicable. *Pedro Marquez, Jr.* may elect an option for this alternative period of weekend possession by giving written notice to *Lisa Watkins* within ninety days after the parties begin to reside more than 100 miles apart. If *Pedro Marquez, Jr.* makes this election, *Pedro Marquez, Jr.* shall give *Lisa Watkins* fourteen days' written or telephonic notice preceding a designated weekend. The weekends chosen shall not conflict with the provisions regarding Christmas, Thanksgiving, the child's birthday, and Mother's Day Weekend below.

2. **Spring Break in All Years** - Every year, beginning at 6:00 p.m. on the day the child is dismissed from school for the school's spring vacation and ending at 6:00 p.m. on the day before school resumes after that vacation.

3. **Extended Summer Possession by Pedro Marquez, Jr.**

**With Written Notice by April 1** - If *Pedro Marquez, Jr.* gives *Lisa Watkins* written notice by April 1 of a year specifying an extended period or periods of summer possession for that year, *Pedro Marquez, Jr.* shall have possession of the child for forty-two days beginning no earlier than the day after the child's school is dismissed for the summer vacation and ending no later than seven days before school resumes at the end of the summer vacation in that year, to be exercised in no more than two separate periods of at least seven consecutive days each, as specified in the written notice. These periods of possession shall begin and end at 6:00 p.m.

**Without Written Notice by April 1** - If *Pedro Marquez, Jr.* does not give *Lisa Watkins* written notice by April 1 of a year specifying an extended period or periods of summer possession for that year, *Pedro Marquez, Jr.* shall have possession of the child for forty-two consecutive

days beginning at 6:00 p.m. on June 15 and ending at 6:00 p.m. on July 27 of that year.

Notwithstanding the weekend periods of possession ORDERED for *Pedro Marquez, Jr.*, it is explicitly ORDERED that *Lisa Watkins* shall have a superior right of possession of the child as follows:

1.      **Summer Weekend Possession by Lisa Watkins** - If *Lisa Watkins* gives *Pedro Marquez, Jr.* written notice by April 15 of a year, *Lisa Watkins* shall have possession of the child on any one weekend beginning at 6:00 p.m. on Friday and ending at 6:00 p.m. on the following Sunday during any one period of possession by *Pedro Marquez, Jr.* during *Pedro Marquez, Jr.'s* extended summer possession in that year, provided that if a period of possession by *Pedro Marquez, Jr.* in that year exceeds thirty days, *Lisa Watkins* may have possession of the child under the terms of this provision on any two nonconsecutive weekends during that period and provided that *Lisa Watkins* picks up the child from *Pedro Marquez, Jr.* and returns the child to that same place and that the weekend so designated does not interfere with Father's Day Weekend.

2.      **Extended Summer Possession by Lisa Watkins** - If *Lisa Watkins* gives *Pedro Marquez, Jr.* written notice by April 15 of a year, *Lisa Watkins* may designate twenty-one days beginning no earlier than the day after the child's school is dismissed for the summer vacation and ending no later than seven days before school resumes at the end of the summer vacation in that year, to be exercised in no more than two separate periods of at least seven consecutive days each, during which *Pedro Marquez, Jr.* shall not have possession of the child, provided that the period or periods so designated do not interfere with *Pedro Marquez, Jr.'* period or periods of extended summer possession or with Father's Day Weekend.

(e)     **Holidays Unaffected by Distance**

Notwithstanding the weekend and Thursday periods of possession of *Pedro Marquez, Jr.*, *Lisa Watkins* and *Pedro Marquez, Jr.* shall have the right to possession of the child as follows:

1.      **Christmas Holidays in Even-Numbered Years** - In even-numbered years, *Pedro Marquez, Jr.* shall have the right to possession of the child beginning at 6:00 p.m. on the day the child is dismissed from

0023

school for the Christmas school vacation and ending at noon on December 28, and *Lisa Watkins* shall have the right to possession of the child beginning at noon on December 28 and ending at 6:00 p.m. on the day before school resumes after that Christmas school vacation.

2. **Christmas Holidays in Odd-Numbered Years** - In odd-numbered years, *Lisa Watkins* shall have the right to possession of the child beginning at 6:00 p.m. on the day the child is dismissed from school for the Christmas school vacation and ending at noon on December 28, and *Pedro Marquez, Jr.* shall have the right to possession of the child beginning at noon on December 28 and ending at 6:00 p.m. on the day before school resumes after that Christmas school vacation.

3. **Thanksgiving in Odd-Numbered Years** - In odd-numbered years, *Pedro Marquez, Jr.* shall have the right to possession of the child beginning at 6:00 p.m. on the day the child is dismissed from school for the Thanksgiving holiday and ending at 6:00 p.m. on the Sunday following Thanksgiving.

4. **Thanksgiving in Even-Numbered Years** - In even-numbered years, *Lisa Watkins* shall have the right to possession of the child beginning at 6:00 p.m. on the day the child is dismissed from school for the Thanksgiving holiday and ending at 6:00 p.m. on the Sunday following Thanksgiving.

5. **Child's Birthday** - If a parent is not otherwise entitled under this Standard Possession Order to present possession of a child on the child's birthday, that parent shall have possession of the child beginning at 6:00 p.m. and ending at 8:00 p.m. on that day, provided that that parent picks up the child from the other parent's residence and returns the child to that same place.

6. **Father's Day Weekend** - *Pedro Marquez, Jr.* shall have the right to possession of the child each year, beginning at 6:00 p.m. on the Friday preceding Father's Day and ending at 6:00 p.m. on Father's Day, provided that if *Pedro Marquez, Jr.* is not otherwise entitled under this Standard Possession Order to present possession of the child, he shall pick up the child from *Lisa Watkins'* residence and return the child to that same place.

7. **Mother's Day Weekend** - *Lisa Watkins* shall have the right

CC-12-84; *Pedro Marquez, Jr. vs. Lisa Watkins*
*Final Decree of Divorce*

0024

to possession of the child each year, beginning at 6:00 p.m. on the Friday preceding Mother's Day and ending at 6:00 p.m. on Mother's Day, provided that if *Lisa Watkins* is not otherwise entitled under this Standard Possession Order to present possession of the child, she shall pick up the child from *Pedro Marquez, Jr.*' residence and return the child to that same place.

(f)     **Undesignated Periods of Possession**

*Lisa Watkins* shall have the right of possession of the child at all other times not specifically designated in this Standard Possession Order for *Pedro Marquez, Jr.*.

(g)     **General Terms and Conditions**

Except as otherwise explicitly provided in this Standard Possession Order, the terms and conditions of possession of the child that apply regardless of the distance between the residence of a parent and the child are as follows:

1.     **Surrender of Child by Lisa Watkins** - *Lisa Watkins* is ORDERED to surrender the child to *Pedro Marquez, Jr.* at the beginning of each period of *Pedro Marquez, Jr.*' possession at the residence of *Lisa Watkins*.

2.     **Return of Child by Pedro Marquez, Jr.** - *Pedro Marquez, Jr.* is ORDERED to return the child to the residence of *Lisa Watkins* at the end of each period of possession. However, it is ORDERED that, if *Lisa Watkins* and *Pedro Marquez, Jr.* live in the same county at the time of rendition of this order, *Pedro Marquez, Jr.*' county of residence remains the same after rendition of this order, and *Lisa Watkins*' county of residence changes, effective on the date of the change of residence by *Lisa Watkins*, *Pedro Marquez, Jr.* shall surrender the child to *Lisa Watkins* at the residence of *Pedro Marquez, Jr.* at the end of each period of possession.

3.     **Surrender of Child by Pedro Marquez, Jr.** - *Pedro Marquez, Jr.* is ORDERED to surrender the child to *Lisa Watkins*, if the child is in *Pedro Marquez, Jr.*' possession or subject to *Pedro Marquez, Jr.*' control, at the beginning of each period of *Lisa Watkins*' exclusive periods of possession, at the place designated in this Standard Possession Order.

14 | CC-12-84; *Pedro Marquez, Jr. vs. Lisa Watkins*
*Final Decree of Divorce*

0025

4. **Return of Child by Lisa Watkins** - *Lisa Watkins* is ORDERED to return the child to *Pedro Marquez, Jr.*, if *Pedro Marquez, Jr.* is entitled to possession of the child, at the end of each of *Lisa Watkins'* exclusive periods of possession, at the place designated in this Standard Possession Order.

5. **Personal Effects** - Each conservator is ORDERED to return with the child the personal effects that the child brought at the beginning of the period of possession.

6. **Designation of Competent Adult** - Each conservator may designate any competent adult to pick up and return the child, as applicable. IT IS ORDERED that a conservator or a designated competent adult be present when the child is picked up or returned.

7. **Inability to Exercise Possession** - Each conservator is ORDERED to give notice to the person in possession of the child on each occasion that the conservator will be unable to exercise that conservator's right of possession for any specified period.

8. **Written Notice** - Written notice shall be deemed to have been timely made if received or postmarked before or at the time that notice is due.

**This concludes the Standard Possession Order.**

2. *Duration*

The periods of possession ordered above apply to each child the subject of this suit while that child is under the age of eighteen years and not otherwise emancipated.

3. *Termination of Orders*

The provisions of this decree relating to conservatorship, possession, or access terminate on the remarriage of *Lisa Watkins* to *Pedro Marquez, Jr.* unless

0026

a nonparent or agency has been appointed conservator of the child under chapter 153 of the Texas Family Code.

*Child Support*

IT IS ORDERED that *Pedro Marquez, Jr.* is obligated to pay and shall pay to *Lisa Watkins* child support of $ 1013.00 per month, with the first payment being due and payable on **June 25, 2012** and a like payment being due and payable on the 25th day of each month thereafter until the first month following the date of the earliest occurrence of one of the events specified below:

1.    any child reach the age of eighteen years or graduate from high school, *whichever occurs later,* subject to the provisions for support beyond the age of eighteen years set out below;

2.    any child marry;

3.    any child dies;

4.    any child disabilities are otherwise removed for general purposes; or

5.    the date on which any child begin active service as defined by 10 U.S.C. Section 101 after enlisting in the armed forces of the United States.

THEREAFTER, *Pedro Marquez, Jr.* is ORDERED to pay to *Lisa Watkins* child support of $ 844.00 per month, due and payable on the 25th day of the month thereafter until the first month following the date of the earliest occurrence of one of the events specified below:

1.    any child reach the age of eighteen years or graduate from high school,

CC-12-84; *Pedro Marquez, Jr. vs. Lisa Watkins*
*Final Decree of Divorce*

0027

*whichever occurs later*, subject to the provisions for support beyond the age of eighteen years set out below;

2. any child marry;

3. any child dies;

4. any child disabilities are otherwise removed for general purposes; or

5. the date on which any child begin active service as defined by 10 U.S.C. Section 101 after enlisting in the armed forces of the United States.

THEREAFTER, *Pedro Marquez, Jr.* is ORDERED to pay to *Lisa Watkins* child support of **$ 675.00 per month**, due and payable on the 25th day of the month.

If the child is eighteen years of age and has not graduated from high school, IT IS ORDERED that *Pedro Marquez, Jr.'* obligation to pay child support to *Lisa Watkins* shall not terminate but shall continue for as long as the child is enrolled-

1. under chapter 25 of the Texas Education Code in a secondary school in a program leading toward a high school diploma or under section 130.008 of the Education Code in courses for joint high school and junior college credit and is complying with the minimum attendance requirements of subchapter C of chapter 25 of the Education Code or

2. on a full-time basis in a private secondary school in a program leading toward a high school diploma and is complying with the minimum attendance requirements imposed by that school.

0028

## Payment

IT IS ORDERED that all payments shall be made through the state disbursement unit at **Texas Child Support Disbursement Unit, P.O. Box 659791, San Antonio, Texas 78265-9791**, and thereafter promptly remitted to **Lisa Watkins** for the support of the children. IT IS ORDERED that each party shall pay, when due, all fees charged to that party by the state disbursement unit and any other agency statutorily authorized to charge a fee.

## Clerk's Duties

IT IS ORDERED that, on the request of a prosecuting attorney, the title IV-D agency, the friend of the Court, a domestic relations office, *Lisa Watkins, Pedro Marquez, Jr.*, or an attorney representing *Lisa Watkins* or *Pedro Marquez, Jr.*, the clerk of this Court shall cause a certified copy of the Order/Notice to Withhold Income for Child Support to be delivered to any employer.

ACCORDINGLY, IT IS ORDERED that, as long as no delinquency or other violation of this child support order occurs, all payments shall be made through the state disbursement unit and thereafter promptly remitted to *Lisa Watkins* for the support of the children. If a delinquency or other violation occurs, all payments shall be made in accordance with the order to withhold earnings as provided above.

## Health Care

Neither parent can afford health insurance for themselves or their child and if the child are eligible for the Children's Health Insurance Program (CHIP), Petitioner, *Lisa*

CC-12-84; *Pedro Marquez, Jr. vs. Lisa Watkins*
*Final Decree of Divorce*

0029

*Watkins* is ORDERED to enroll the child in CHIP, no later than the 1st day of the month following the signing of this order and to perform all acts thereafter to continue CHIP benefits and maintain the coverage in full force and effect as long as child support is payable for that child, by paying all applicable fees required for the coverage, including but not limited to enrollment fees and premiums. Petitioner, *Pedro Marquez, Jr.* is ORDERED to reimburse Respondent, *Lisa Watkins* for the cost of CHIP coverage, in the amount of $ 25.00 as medical support for the children. This medical support will begin on June 25, 2012 and will be due every 1st of the month until all the child emancipated.

Pursuant to section 154.183(c) of the Texas Family Code, the reasonable and necessary health-care expenses of the child that are not reimbursed by health insurance are allocated as follows: *Lisa Watkins* is ORDERED to pay 50 percent and *Pedro Marquez, Jr.* is ORDERED to pay 50 percent of the total health-care expenses.

The party who incurs a health-care expense on behalf of the child is ORDERED to submit to the other party all forms, receipts, bills, and statements reflecting the uninsured portion of the health-care expenses within thirty days after he or she receives them. The nonincurring party is ORDERED to pay his or her share or percentage of the uninsured portion of the health-care expenses either by paying the health-care provider directly or by reimbursing the incurring party for any advance payment exceeding the incurring party's share or percentage of the uninsured portion of the health-care expenses within thirty days after the nonincurring party receives the forms, receipts, bills, or statements.

CC-12-84; *Pedro Marquez, Jr. vs. Lisa Watkins*
*Final Decree of Divorce*

0030

These provisions apply to all unreimbursed health-care expenses of any child who is the subject of this order for the provision of health-care coverage that are incurred while cash medical support is payable for that child.

WARNING - A PARENT ORDERED TO PROVIDE HEALTH INSURANCE OR TO PAY THE OTHER PARENT ADDITIONAL CHILD SUPPORT FOR THE COST OF HEALTH INSURANCE WHO FAILS TO DO SO IS LIABLE FOR NECESSARY MEDICAL EXPENSES OF THE CHILDREN, WITHOUT REGARD TO WHETHER THE EXPENSES WOULD HAVE BEEN PAID IF HEALTH INSURANCE HAD BEEN PROVIDED, AND FOR THE COST OF HEALTH INSURANCE PREMIUMS OR CONTRIBUTIONS, IF ANY, PAID ON BEHALF OF THE CHILDREN.

*No Retroactive Child Support and No Retroactive Medical Support Owed*

IT IS ORDERED that the there is no of retroactive child support and no retroactive medical support owed by *Pedro Marquez, Jr.* to *Lisa Watkins.*

*Medical Notification*

Each party is ORDERED to inform the other party within one hour of any medical condition of the child requiring surgical intervention, hospitalization, or both.

*Support as Obligation of Estate*

IT IS ORDERED that the provisions for child support in this decree shall be an obligation of the estate of *Pedro Marquez, Jr.,* shall not terminate on the death of *Pedro Marquez, Jr.,* and the remaining unpaid balance of the child support obligation becomes payable on the date *Pedro Marquez, Jr.* dies. Payments received for the benefit of the child from the Social Security Administration, Department of Veterans Affairs, other governmental agency, or life insurance shall be a credit against this obligation.

*Termination of Orders on Remarriage of Parties*

CC-12-84; *Pedro Marquez, Jr. vs. Lisa Watkins*
Final Decree of Divorce

0031

The provisions of this decree relating to current child support terminate on the remarriage of *Lisa Watkins* to *Pedro Marquez, Jr.* unless a nonparent or agency has been appointed conservator of the child under chapter 153 of the Texas Family Code. An obligation to pay child support under this decree does not terminate on the death of *Lisa Watkins* but continues as an obligation to *Pedro Marquez, III, Joaquin Mateo Marquez and Mason Rey Marquez.*

*Minimizing Disruption*

Each party is ORDERED not to make negative remarks about the other party or the other party's family. Each party is further ORDERED to be respectful to the other party and the other party's family in the presence of the children. The parties are ORDERED to communicate with each other in a polite, civil, and cooperative manner and to attempt to resolve disputes concerning the child with dignity and by focusing on the best interest of the children.

*Information Regarding Parties*

The information required for each party by section 105.006(a) of the Texas Family Code is as follows:

Name: Lisa Watkins

Social Security number: XXX-XX-3870

Driver's license number: XXXXX_____ Issuing State: TX

Current residence address: 825 E. Avenue C, Kingsville, Texas 78363

Mailing address: 825 E. Avenue C, Kingsville, Texas 78363

Home telephone number: (361) 522-6653

003

Name of employer:      Kleberg Bank

Address of employment:    100 East Kleberg Avenue, Kingsville, Texas 78363

Work telephone number:   (361) 592-8501

Name:         Pedro Marquez, Jr.

Social Security number:     XXX-XX-4781

Driver's license number    xxxxx_____ Issuing state: Texas

Current residence address:   4 Marquez Ranch Lane, Rio Grande City, Texas 78582

Mailing address:        4 Marquez Ranch Lane, Rio Grande City, Texas 78582

Telephone number:      (956) 648-6117

Name of employer:      La Joya ISD

Address of employment:    201 East Expressway 83, La Joya, Texas 78560

Work telephone number:   (956) 580-5000

EACH PERSON WHO IS A PARTY TO THIS ORDER IS ORDERED TO NOTIFY EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY OF ANY CHANGE IN THE PARTY'S CURRENT RESIDENCE ADDRESS, MAILING ADDRESS, HOME TELEPHONE NUMBER, NAME OF EMPLOYER, ADDRESS OF EMPLOYMENT, DRIVER'S LICENSE NUMBER, AND WORK TELEPHONE NUMBER. THE PARTY IS ORDERED TO GIVE NOTICE OF AN INTENDED CHANGE IN ANY OF THE REQUIRED INFORMATION TO EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY ON OR BEFORE THE 60TH DAY BEFORE THE INTENDED CHANGE. IF THE PARTY DOES NOT KNOW OR COULD NOT HAVE KNOWN OF THE CHANGE IN SUFFICIENT TIME TO PROVIDE 60-DAY NOTICE, THE PARTY IS ORDERED TO GIVE NOTICE OF THE CHANGE ON OR BEFORE THE FIFTH DAY AFTER THE DATE THAT THE PARTY KNOWS OF THE CHANGE.

THE DUTY TO FURNISH THIS INFORMATION TO EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY CONTINUES AS LONG AS ANY PERSON, BY VIRTUE OF THIS ORDER, IS UNDER AN OBLIGATION TO PAY CHILD SUPPORT OR ENTITLED TO POSSESSION OF OR ACCESS TO A CHILD.

FAILURE BY A PARTY TO OBEY THE ORDER OF THIS COURT TO PROVIDE EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY WITH THE CHANGE IN THE REQUIRED INFORMATION MAY RESULT IN FURTHER LITIGATION TO ENFORCE THE ORDER, INCLUDING CONTEMPT OF COURT. A

22 | CC-12-84; *Pedro Marquez, Jr. vs. Lisa Watkins*
Final Decree of Divorce

0033

FINDING OF CONTEMPT MAY BE PUNISHED BY CONFINEMENT IN JAIL FOR UP TO SIX MONTHS, A FINE OF UP TO $500 FOR EACH VIOLATION, AND A MONEY JUDGMENT FOR PAYMENT OF ATTORNEY'S FEES AND COURT COSTS.

Notice shall be given to the other party by delivering a copy of the notice to the party by registered or certified mail, return receipt requested. Notice shall be given to the Court by delivering a copy of the notice either in person to the clerk of this Court or by registered or certified mail addressed to the clerk at the Starr County District Clerk's Office, Starr County Courthouse, Rio Grande City, Texas 78582. Notice shall be given to the state case registry by mailing a copy of the notice to State Case Registry, Contract Services Section, MC046S, P.O. Box 12017, Austin, Texas 78711-2017.

NOTICE TO ANY PEACE OFFICER OF THE STATE OF TEXAS: YOU MAY USE REASONABLE EFFORTS TO ENFORCE THE TERMS OF CHILD CUSTODY SPECIFIED IN THIS ORDER. A PEACE OFFICER WHO RELIES ON THE TERMS OF A COURT ORDER AND THE OFFICER'S AGENCY ARE ENTITLED TO THE APPLICABLE IMMUNITY AGAINST ANY CLAIM, CIVIL OR OTHERWISE, REGARDING THE OFFICER'S GOOD FAITH ACTS PERFORMED IN THE SCOPE OF THE OFFICER'S DUTIES IN ENFORCING THE TERMS OF THE ORDER THAT RELATE TO CHILD CUSTODY. ANY PERSON WHO KNOWINGLY PRESENTS FOR ENFORCEMENT AN ORDER THAT IS INVALID OR NO LONGER IN EFFECT COMMITS AN OFFENSE THAT MAY BE PUNISHABLE BY CONFINEMENT IN JAIL FOR AS LONG AS TWO YEARS AND A FINE OF AS MUCH AS $10,000.

WARNINGS TO PARTIES: FAILURE TO OBEY A COURT ORDER FOR CHILD SUPPORT OR FOR POSSESSION OF OR ACCESS TO A CHILD MAY RESULT IN FURTHER LITIGATION TO ENFORCE THE ORDER, INCLUDING CONTEMPT OF COURT. A FINDING OF CONTEMPT MAY BE PUNISHED BY CONFINEMENT IN JAIL FOR UP TO SIX MONTHS, A FINE OF UP TO $500 FOR EACH VIOLATION, AND A MONEY JUDGMENT FOR PAYMENT OF ATTORNEY'S FEES AND COURT COSTS.

FAILURE OF A PARTY TO MAKE A CHILD SUPPORT PAYMENT TO THE PLACE AND IN THE MANNER REQUIRED BY A COURT ORDER MAY RESULT IN THE PARTY'S NOT RECEIVING CREDIT FOR MAKING THE PAYMENT.

FAILURE OF A PARTY TO PAY CHILD SUPPORT DOES NOT JUSTIFY DENYING THAT PARTY COURT-ORDERED POSSESSION OF OR ACCESS TO A

CC-12-84; Pedro Marquez, Jr. vs. Lisa Watkins
Final Decree of Divorce

0034

CHILD. REFUSAL BY A PARTY TO ALLOW POSSESSION OF OR ACCESS TO A CHILD DOES NOT JUSTIFY FAILURE TO PAY COURT-ORDERED CHILD SUPPORT TO THAT PARTY.

### Division of Marital Estate

#### Property to Husband

IT IS ORDERED AND DECREED that the husband, *Pedro Marquez, Jr.*, is awarded the following as his sole and separate property, and the wife is divested of all right, title, interest, and claim in and to that property:

H-1.	All clothing, jewelry, and other personal effects in the possession of the husband or subject to his sole control;

H-2.	All sums of cash in the possession of the husband or subject to his sole control, including funds on deposit, together with accrued but unpaid interest, in banks, savings institutions, or other financial institutions, which accounts stand in the husband's sole name or from which the husband has the sole right to withdraw funds or which are subject to the husband's sole control;

H-3.	The House and lot that includes the 3 acres located at 4 Marquez Lane, Rio Grande City, Texas 78582;

H-4.	2005 Ford F-150 Truck; and

H-5.	One 42- inch TV, Two TV Boxes, a riding lawn mower, a dining set, a refrigerator, a stove, the old dishes, the old washer and dryer and a sofa bed located in another room.

#### Property to Wife

IT IS ORDERED AND DECREED that the wife, *Lisa Watkins*, is awarded the following as her sole and separate property, and the husband is divested of all right, title, interest, and claim in and to that property:

W-1.	All clothing, jewelry, and other personal effects in the possession of the

0035

wife or subject to her sole control;

W-2.   All sums of cash in the possession of the wife or subject to her sole control, including funds on deposit, together with accrued but unpaid interest, in banks, savings institutions, or other financial institutions, which accounts stand in the wife's sole name or from which the wife has the sole right to withdraw funds or which are subject to the wife's sole control;

W-3.   A 2010 Nissan Pathfinder; and

W-4.   The boy's bedroom furniture, the master bedroom furniture, the sofas, a DVR box and One TV box, the new washer and dryer, the new dishes, all other TV sets.

W-5.   The wife will be entitled to forty percent (40%) of the husband's Teacher Retirement System of Texas retirement plan from February 5, 1999 to June 7, 2012.

### Equalize Division of Property and Reimbursement

IT IS FURTHER ORDERED AND DECREED that to equalize the division of property and the Respondent, *Lisa A. Watkins* is awarded twelve thousand four hundred eighty ($12,480.00) dollars as reimbursement to be paid at two hundred eight ($208.00) dollars a month to start on June 25, 2012 and to continue until May 25, 2017 with no interest which shall be secured by an Owelty Deed of Trust.

### Division of Community Debt

#### Debt to Husband

IT IS ORDERED AND DECREED that the husband, *Pedro Marquez, Jr.*, shall pay, as a part of the division of the estate of the parties, and shall indemnify and hold the wife and her property harmless from any failure to so discharge, these items:

H-1.   Any and all debts, charges, liabilities, and other obligations incurred solely by the husband from and after February 17, 2012 unless express provision is

CC-12-84; *Pedro Marquez, Jr. vs. Lisa Watkins*
*Final Decree of Divorce*

0036

made in this decree to the contrary;

H-2. The Home Mortgage, Home Insurance and property taxes;

H-3. The Home Depot Account approximately $2,153.45;

H-4. Cabelas Account approximately $4,031.00;

H-5. Beneficial Account approximately $4,542.48;

H-6. Chase Account approximately $500.00;

H-7. Dillards Account approximately $2,000.00;

H-8. Bealls Account approximately $600.00;

H-9. HSBC Visa Account approximately $900.00, Mastercard Account approximately $700.00, and Discover Account approximately $1,700.00;

H-10. Sherwin Williams Account approximately $97.00;

H-11. McCoy's Account approximately $200.00; and

H-12. Pueblo Tires Account approximately $800.00.

### Debts to Wife

IT IS ORDERED AND DECREED that the wife, *Lisa Watkins*, shall pay, as a part of the division of the estate of the parties, and shall indemnify and hold the husband and his property harmless from any failure to so discharge, these items:

W-1. Any and all debts, charges, liabilities, and other obligations incurred solely by the wife from and after February 17, 2012 unless express provision is made in this decree to the contrary.

W-2. Lone Star National Bank Account approximately $1,200.00;

W-3. Citifinancial Account approximately $4,000.00;

0037

W-4. Zapata Account approximately $9,000.00;

W-5. Sun Loan Account approximately $1,500.00;

W-6. Atlas Account approximately $1,500.00;

W-7. World Account approximately $1,500.00;

W-8. Western Account approximately $400.00;

W-9. J&K Account approximately $900.00; and

W-10. Debt on 2010 Nissan Pathfinder.

## Notice

IT IS ORDERED AND DECREED that each party shall send to the other party, within three days of its receipt, a copy of any correspondence from a creditor or taxing authority concerning any potential liability of the other party.

## Court Costs

IT IS ORDERED AND DECREED that costs of court are to be borne by the party who incurred them.

## Discharge from Discovery Retention Requirement

IT IS ORDERED AND DECREED that the parties and their respective attorneys are discharged from the requirement of keeping and storing the documents produced in this case in accordance with rule 191.4(d) of the Texas Rules of Civil Procedure.

## Decree Acknowledgment

Respondent, *Lisa Watkins*, and Petitioner, *Pedro Marquez, Jr.*, each acknowledge that before signing this Final Decree of Divorce they have read this Final

0038

Decree of Divorce fully and completely, have had the opportunity to ask any questions regarding the same, and fully understand that the contents of this Final Decree of Divorce constitute a full and complete resolution of this case. Petitioner and Respondent acknowledge that they have voluntarily affixed their signatures to this Final Decree of Divorce, believing this agreement to be a just and right division of the marital debt and assets, and state that they have not signed by virtue of any coercion, any duress, or any agreement other than those specifically set forth in this Final Decree of Divorce.

*Indemnification*

Each party represents and warrants that he or she has not incurred any outstanding debt, obligation, or other liability on which the other party is or may be liable, other than those described in this decree. Each party agrees and IT IS ORDERED that if any claim, action, or proceeding is hereafter initiated seeking to hold the party not assuming a debt, an obligation, a liability, an act, or an omission of the other party liable for such debt, obligation, liability, act or omission of the other party, that other party will, at his or her sole expense, defend the party not assuming the debt, obligation, liability, act, or omission of the other party against any such claim or demand, whether or not well founded, and will indemnify the party not assuming the debt, obligation, liability, act, or omission of the other party and hold him or her harmless from all damages resulting from the claim or demand.

Damages, as used in this provision, includes any reasonable loss, cost, expense,

-0039

penalty, and other damage, including without limitation attorney's fees and other costs and expenses reasonably and necessarily incurred in enforcing this indemnity.

IT IS ORDERED that the indemnifying party will reimburse the indemnified party, on demand, for any payment made by the indemnified party at any time after the entry of the divorce decree to satisfy any judgment of any court of competent jurisdiction or in accordance with a bona fide compromise or settlement of claims, demands, or actions for any damages to which this indemnity relates.

The parties agree and IT IS ORDERED that each party will give the other party prompt written notice of any litigation threatened or instituted against either party that might constitute the basis of a claim for indemnity under this decree.

## Clarifying Orders

Without affecting the finality of this Final Decree of Divorce, this Court expressly reserves the right to make orders necessary to clarify and enforce this decree.

## Relief Not Granted

IT IS ORDERED AND DECREED that all relief requested in this case and not expressly granted is denied. This is a final judgment, for which let execution and all writs and processes necessary to enforce this judgment issue. This judgment finally disposes of all claims and all parties and is appealable.

## Date of Judgment

This divorce judicially PRONOUNCED AND RENDERED in court at Rio Grande City, STARR County, Texas, on June 7, 2012 and further noted on the court's

CC-12-84; *Pedro Marquez, Jr. vs. Lisa Watkins*
*Final Decree of Divorce*

0040

docket sheet on the same date, and signed on the 13 day of ~~September~~ **Nov.** 2012.

_____
**JUDGE PRESIDING**

AT 2:11    FILED   O'CLOCK P M

NOV 13 2012

ELOY R. GARCIA
DISTRICT CLERK STARR CO. TX
BY_____ DEPUTY

APPROVED AS TO FORM ONLY:

**THE LAW OFFICE OF
HILDA GONZALEZ GARZA, P.L.L.C.**
205 E. 5th St.
Rio Grande City, Texas 78582
Tel: (956) 263-1870
Fax: (956) 263-1871

By:_____
    HILDA GONZALEZ GARZA
    Attorney for Petitioner
    State Bar No. 00796651

**THE LAW OFFICE OF
LORI PETERSON PEREZ**
202 W. WATER ST.
RIO GRANDE CITY, TEXAS 78582
Tel: (956) 488-0122
Fax: (956) 716-6448

By:_____
    Lori Peterson Perez
    Attorney for Respondent
    State Bar No. 24002758

APPROVED AND CONSENTED TO AS TO BOTH FORM AND SUBSTANCE:

_____
Pedro Marquez, Jr., Petitioner

_____
Lisa Watkins, Respondent

30 | CC-12-84; Pedro Marquez, Jr. vs. Lisa Watkins
Final Decree of Divorce

0041